## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FEDERAL HOME LOAN
MORTGAGE CORPORATION,

      Plaintiff/Counter-Defendant,

v.

ENYKA M. MATTHEWS-GAINES,
AND RICO R. GAINES,

      Defendants/Counter-Plaintiffs.

Case No. 2:12-cv-12131
District Judge Julian Abele Cook
Magistrate Judge Paul J. Komives

Removed from:
34-A Judicial District Court
Case No. 11-7139-LT
Hon. Brian A. Oakley

---

## FEDERAL HOME LOAN MORTGAGE CORPORATION'S AND FEDERAL HOUSING FINANCE AGENCY'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................ 1

ARGUMENT ..................................................................................................... 1

I.      Plaintiffs' Due Process Claim Must Fail ................................................ 1

        A.     The *Herron*, *Syriani* and *Kelly* Decisions, Which Plaintiffs Ignore, Reject Plaintiffs' Due Process Argument .................................... 1

        B.     Plaintiffs' Attempt to Distinguish FHFA's Conservatorship from FDIC Conservatorships and Receiverships is Without Merit ............................. 2

        C.     Plaintiffs' Argument Regarding the Temporarily Indefinite Nature of FHFA's Conservatorship Misreads *Lebron* and Misconstrues FHFA's Conservatorship ........................................................................ 3

        D.     Plaintiffs Fail Meaningfully To Distinguish the 6th Circuit's Decision in *Sutton* ............................................................................. 4

        E.     Plaintiffs Cannot Challenge the Foreclosure Sale After the Redemption Period ................................................................................. 4

II.     Plaintiffs Fail to Provide a Meaningful Response with Regard to the Remaining Claims, Which Must be Dismissed ................................ 4

Detroit_1223965_1

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.
75 F.3d 1401 (9th Cir. 1996) ..................................................................2

FDIC v. Bierman,
2 F.3d 1424 (7th Cir. 1993) ...................................................................2

FDIC v. Isham,
782 F. Supp. 524 (D. Colo. 1992) ...........................................................2

FDIC v. Raffa,
935 F.Supp. 119 (D. Conn. 1995) ...........................................................2

Fed. Home Loan Mortgage Corp. v. Michael R. Kelly et al.
Case No. 12-1734 LT slip. op (Mich. 55th Dist. July 13, 2013) .......................1, 2, 3

Herron v. Fannie Mae
--- F.Supp.2d ---, No. 1:10-cv-00943-RMC, 2012 WL 1476051 (D.D.C. Apr. 30, 2012) ...................................................................................1, 2, 3

Lebron v. Nat'l. R.R. Passenger Corp.,
513 U.S. 374 (1995) ...........................................................................1, 3

Salman v. U.S. Bank,
No. 11-10253, 2011 WL 4945845 (E.D. Mich., Oct. 18, 2011) .......................4

Stein v. U.S. Bancorp,
No. 10-14026, 2011 WL 740537 (E.D. Mich., Feb. 24, 2011) .......................4

Sutton v. U.S. Small Bus. Admin.,
92 F. App'x at 121–22 (6th Cir. 2003) ..................................................4

Syriani v. Freddie Mac Multiclass Certificates, Series 3365
Case No. 12-3035 JEW, slip. op. (C.D. Cal. July 10, 2012) .......................1, 2, 3

STATUTES

12 U.S.C. § 1821(d)(13)(E) ...................................................................2

12 U.S.C. § 4617(a)(2) ........................................................................3

Detroit_1223965_1

**OTHER AUTHORITIES**

FDIC OIG, *Receivership Termination Activity* at 2 (Sept. 20, 2002) available at
http://www.fdicoig.gov/reports02/02-032-508.shtml. ............................................................3

Detroit_1223965_1

# INTRODUCTION

Plaintiffs have made no response in their Opposition to the authorities raised by FHFA's and Freddie Mac's motion for judgment on their due process claim (Count III). They completely ignore three recent decisions, *Herron v. Fannie Mae*, *Syriani v. Freddie Mac Multiclass Certificates, Series 3365* and *Fed. Home Loan Mortgage Corp. v. Kelly*, all of which rejected the exact due process argument raised by Plaintiffs. Moreover, rather than address a number of the arguments raised in FHFA's and Freddie Mac's motion seeking dismissal of Counts I, IV, V and VI, Plaintiffs focus on their breach of contract claim (Count II), which is not even subject to Defendant's and Intervenor's Motion. Plaintiffs' failure to address FHFA and Freddie Mac's authorities and arguments warrants judgment on the pleadings on Counts I, III, IV, V and VI.

# ARGUMENT

## I.   Plaintiffs' Due Process Claim Must Fail

### A.   The *Herron*, *Syriani* and *Kelly* Decisions, Which Plaintiffs Ignore, Reject Plaintiffs' Due Process Argument

Plaintiffs' Opposition fails to address three recent decisions that have rejected the exact due process argument Plaintiffs raise. All three cases, *Herron, Syriani* and *Kelly*, hold that Freddie Mac (or similarly-situated Fannie Mae) is not a government actor because: (1) FHFA as Conservator "steps into the shoes" of the private entity, and (2) in any event, conservatorship does not establish the type of permanent government control required under *Lebron v. Nat'l. R.R. Passenger Corp.*, 513 U.S. 374 (1995). *Herron*, --- F.Supp.2d ---, No. 1:10-cv-00943-RMC, 2012 WL 1476051 (D.D.C. Apr. 30, 2012); *Syriani,* Case No. 12-3035-JFW, slip op. at 4-5 (C.D. Cal. July 10, 2012) (Exhibit A to Mot. for Judg. on the Pleadings ("Motion") [Doc. No. 5]); *Kelly,* Case No. 12-1734 LT, slip op. at 3 (Mich. 55th Dist. July 13, 2012) (Exhibit B to Mot. [Doc. No. 5]). Plaintiffs' failure to address *Herron*, *Syriani* and *Kelly* should be dispositive.

1

B.      Plaintiffs' Attempt to Distinguish FHFA's Conservatorship from FDIC
        Conservatorships and Receiverships is Without Merit

Courts have held that when the RTC or FDIC operates a financial institution as a

conservator or receiver, the institution does not become a government actor; instead, the

conservator or receiver steps into the private shoes of the failed institution. *See* Mot. at 9-12.

Plaintiffs attempt to distinguish this line of cases on the basis that FHFA's Conservatorship

differs because "[i]t is the takeover of the entire mortgage loan system in the U.S., with the

public purpose of preserving home ownership and of relief to the millions of Americans facing

foreclosure through loss mitigation efforts…". Opp'n. at 8-11. First, Plaintiffs' distinction is

irrelevant, as no case has interpreted a governmental purpose alone as sufficient to satisfy

*Lebron*. In fact*,* the U.S. Court of Appeals for the 9th Circuit held that pre-conservatorship

Freddie Mac was *not* a government actor for constitutional purposes, despite the fact that it was

created for a "governmental objective." *Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg.*

*Corp.* 75 F.3d 1401, 1406-09 (9th Cir. 1996).

Second, Plaintiffs' assertion that an FDIC receivership or conservatorship is different

from FHFA's Conservatorship due to FHFA's public purpose is without merit. Contrary to

Plaintiffs' assertions, the FDIC, like the FHFA, serves the public pursuant to congressional

mandate. For example, the FDIC must perform its duties in a manner that makes efficient use of

public funds and preserves the FDIC insurance fund. *FDIC v. Bierman*, 2 F.3d 1424, 1439 (7th

Cir. 1993).[1] Finally, Plaintiffs' distinction is contrary to *Herron*, *Kelly* and *Syriani*, all decisions

---

[1] *See also*, *FDIC v. Isham*, 782 F. Supp. 524, 531 (D. Colo. 1992) ("FDIC's actions as receiver
for failed banks are undertaken only to fulfill its mandate to stabilize the banking system by
protecting depositors and creditors of the failed bank and the public generally."); *FDIC v. Raffa*,
935 F. Supp. 119, 124 (D. Conn. 1995) ("Whether pre- or post-bank failure, the FDIC's duty is
owed, not to bank directors or officers, but to the insurance fund it is charged with protecting and
to the banking public."); 12 U.S.C. § 1821(d)(13)(E) (requiring FDIC to exercise its powers in a

Footnote continued on next page

2

holding that the FHFA, like the FDIC and RTC, steps into the private shoes of Fannie Mae or Freddie Mac.  *Herron*, 2012 WL 1476051, at *6; *Syriani*, slip op. at 4; *Kelly*, slip op. at 3.

    C.    <u>Plaintiffs' Argument Regarding the Temporarily Indefinite Nature of FHFA's Conservatorship Misreads *Lebron* and Misconstrues FHFA's Conservatorship</u>

Plaintiffs argue that FHFA exercises the type of permanent control over Freddie Mac that is required by the U.S. Supreme Court's decision in *Lebron* because the conservatorship does not have a specific end date.  Opp.'n. at 11-14.  Plaintiffs' argument, however, completely ignores *Lebron*'s holding that indefinite control of the type FHFA exercises over Freddie Mac does not constitute *permanent* control.  *Lebron*, 513 U.S. at 398; *see* Mot. at 12-13.  Highlighting this point, the Supreme Court affirmed its earlier decision in the *Regional Rail Cases* that Conrail, which like Freddie Mac was under temporarily indefinite control, was not a government actor for constitutional claims.  *Id*. at 399 (citing *Regional Rail*, 419 U.S. at 152); *see* Mot. at 12-13.  FHFA's conservatorship is similarly not "permanent" under *Lebron*.  *Syriani,* slip op. at 5; *Kelly*, slip op. at 4; *Herron*, 2012 WL 1476051, at *7.  In any event, Plaintiffs' assertion that there is "no fixed event leading to termination" of FHFA's Conservatorship is incorrect.  Opp'n. at 14.[2]  FHFA's conservatorship is "for the purpose of reorganizing, rehabilitating or winding up [Freddie Mac's] affairs," *see* 12 U.S.C. § 4617(a)(2), and will thus end.[3]

---

Footnote continued from previous page

manner that maximizes the availability and preservation of affordable residential real estate for low and moderate-income individuals).

[2] Plaintiffs' assertion that FHFA's conservatorship differs from the typical conservatorship or receivership model due to its three and a half year length is similarly without merit.  The average duration of FDIC receiverships is 8.7 years.  FDIC OIG, *Receivership Termination Activity* at 2 (Sept. 20, 2002) available at http://www.fdicoig.gov/reports02/02-032-508.shtml.

[3] While Freddie Mac's rehabilitation or reorganization does not appear on the immediate horizon, when the Supreme Court held that Conrail was not a federal actor in 1974, that corporation's economic outlook was every bit as bleak as Freddie Mac's appears today.  *Reg'l Rail at* 163-64 (Douglas, J., dissenting) (noting that Conrail "shows no prospect of being an enterprise operating on a profitable basis**"**)

      D.     <u>Plaintiffs Fail Meaningfully Distinguish the 6th Circuit's Decision in *Sutton*</u>

Plaintiffs attempts to argue that if Freddie Mac is a government actor (which it is not), its use of Michigan's foreclosure by advertisement statute violated the Fifth Amendment because the statute "offers no opportunity for a hearing, pre or post Sheriff's sale."  Opp'n. at 15–16. Plaintiffs, however, fail to distinguish *Sutton v. U.S. Small Bus. Admin.*, which concluded that Michigan's foreclosure by advertisement statute provided "all of the process that was due."  92 F. App'x at 121–22 (6th Cir. 2003) (internal quotations and citations omitted); Mot. at 15-16.

      E.     <u>Plaintiffs Cannot Challenge the Foreclosure Sale After the Redemption Period</u>

Contrary to Plaintiffs' argument that they may challenge the foreclosure sale after the redemption period, Opp'n. at 17-18, this Court has continually held that "Michigan law does not allow for an extension of the redemption period from a statutory foreclosure sale…in the absence of a clear showing of fraud, or irregularity."  *Salman v. U.S. Bank*, No. 11-10253, 2011 WL 4945845, at *3 (E.D. Mich., Oct. 18, 2011); *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *6 (E.D. Mich., Feb. 24, 2011); *Waack v. Bank of America*, No. 11-11333, 2012 WL 1048470 (E.D. Mich. Mar. 28, 2012).  Furthermore, this Court has declined to extend the statutory redemption period in cases where, as here, Plaintiffs make only a vague allegation of fraud that fails to meet the standard of FRCP 9(b).  *Salman*, 2011 WL 4945845 at *4.

## II.    Plaintiffs Fail to Provide a Meaningful Response with Regard to the Remaining Claims, Which Must be Dismissed

As is noted above, a significant portion of Plaintiffs' brief is dedicated to their breach of contract claim (Count II), which is not subject to Defendant's and Intervenor's motion. Although Plaintiffs note that they have attached eleven exhibits, they fail to address how their fraud claim (Count I) meets the requirements of FRCP 9(b), which requires that they specify the time, place and manner of the alleged misrepresentation.  Moreover, Plaintiffs do not address the

4

fact that the documents to which they refer directly refute their fraud claim. *See* Mot. at 5-6.

Additionally, Count IV must be dismissed because there is no private right of action under

HAMP. *See* Mot. at 18. Similarly, Plaintiffs' exemplary damages claim (Count VI) does not

constitute a valid cause of action under Michigan law. *See* Mot. at 19-20. Finally, Plaintiffs do

not address the fact that their wrongful foreclosure claim fails to state a viable claim. *See* Mot. at

18-19.

Dated: September 10, 2012          Respectfully submitted,

                                    /s/ Brian C. Summerfield
                                   Brian C. Summerfield (P57515)
                                   Jaimee L. Witten (P70068)
                                   BODMAN PLC
                                   46th Floor at Ford Field
                                   1901 St. Antoine Street
                                   Detroit, Michigan 48226
                                   Telephone: 313-392-1057
                                   Facsimile: 313-259-7579
                                   Email: bsummerfield@bodmanlaw.com

                                   Howard N. Cayne
                                   Asim Varma
                                   Michael A.F. Johnson
                                   ARNOLD & PORTER LLP
                                   555 12th Street, N.W.
                                   Washington, DC 20004
                                   Telephone: 202-942-5000
                                   Facsimile: 202-942-5999
                                   Email: howard.cayne@aporter.com

Detroit_1223965_1

Stephen E. Hart
FEDERAL HOUSING FINANCE AGENCY
Constitution Center
400 Seventh Street, S.W.
Washington, DC  20024
Telephone: 202-649-3053
Facsimile: 202-649-4053

*Attorneys for the Federal Housing Finance
Agency*

*Applications Filed or To Be Filed*

Jessica L. Berg (P71142)
TROTT & TROTT, P.C.
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan  48334
Telephone:  248-594-4380
Facsimile:  248-205-4113
Email:  jberg@trottlaw.com

*Attorney for Federal Home Loan Mortgage
Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

BODMAN PLC

By:  /s/ Brian C. Summerfield
    Brian C. Summerfield (P57515)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Telephone: (313) 392-1057
Facsimile: (313) 393-7579
Email: bsummerfield@bodmanlaw.com

September 10, 2012

6