UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FEDERAL HOME LOAN MORTGAGE
CORPORATION,

               Plaintiff/ Counter-Defendant,

                                        Case No. 12-12131
                                        Honorable Julian Abele Cook, Jr.

v.

ENYKA M. MATTHEWS-GAINES
and RICO R. GAINES,

            Defendants/Counter- Plaintiffs.


<u>ORDER</u>

       Enyka M. Matthews-Gaines and Rico R. Gaines (hereinafter collectively identified as the "Gaines"), both of whom serve as the Defendants and Counter-Plaintiffs herein, complain that the Plaintiff and Counter-Defendant, Federal Home Loan Mortgage Corporation (referred hereinafter as "Freddie Mac"), fraudulently processed their mortgage, violated the parties' contract by improperly foreclosing upon their mortgage, and deprived them of their basic constitutional due process rights under the law.

       This action, although it was initiated in the 34th Judicial District Court of Michigan, was subsequently removed to this Court under the auspices of 12 U.S.C. § 1452(f), which provided that any civil action in a state court to which Freddie Mac is a party, may be removed to the United States District Court in which an action is pending. Currently before the Court is Freddie Mac's motion for the entry of a judgment on the pleadings.

1

I.

The Gaines obtained a mortgage loan from the First Magnus Financial Corporation on February 24, 2004. As a security for the loan, they authorized the placement of a mortgage on a parcel of realty, commonly known as 43637 Arborview Lane in Belleville, Michigan. This security was subsequently assigned to the Wells Fargo Bank ("Wells Fargo"). At some point thereafter, the Gaines defaulted on their loan.

On December 22, 2009, the Gaines and Wells Fargo entered into a loan modification trial period plan under the "Home Affordable Modification Program." This loan modification trial period plan required the Gaines to make three separate payments of $926.32 on or before January 1, 2010, February 1, 2010, and March 1, 2010, respectively. However, the Gaines failed to make the trial period payments as required by this plan which also stated that:

> I understand that the [Trial Period Plan] is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this plan.

Thereafter, Wells Fargo commenced a foreclosure action by advertisement against the Gaines whom they claimed had failed to satisfy their requisite financial obligations. This lawsuit followed the expiration of the six month redemption period .

II.

The standard of review for a motion for the entry of a judgment on the pleadings for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(c) is the same as that which should be undertaken when evaluating a motion brought pursuant to Rule

12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Thus, a district court must (1) accept the plaintiff's well-pleaded allegations as being true, and (2) construe all of them in a light that is most favorable to the movant. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive a motion for dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Albrecht*, 617 F.3d at 893 (applying these standards to motion brought under 12(c). In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

III.

Freddie Mac contends that it is entitled to the entry of a judgment on the pleadings on all of the issues in the complaint. The Court will address each count in turn.

One of the counts contains an allegation by the Gaines, both of whom attribute acts of fraudulent inducement and misrepresentation to Freddie Mac. However,  Freddie Mac affirmatively submits that the Gaines' claim  fails to assert  fraud with any level of particularity as

required by Fed. R. Civ. P. 9(b) which states: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In order to plead fraud with particularity, "the [aggrieved] plaintiff must allege (1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) [the] defendant's fraudulent intent and (4) the resulting injury." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011).

An examination of the complaint-at-issue reveals that Freddie Mac's argument is correct, in that it does not specify the time, the place, or the content of the alleged fraud. Here, the Gaines maintain that they were denied a promised permanent loan modification by Freddie Mac. However, this contention is contradicted by the documents that were attached by them to the Complaint. The "Trial Payment Plan" specifically states that the lender's acceptance of payments under this Plan "will be without prejudice to and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents. . . ." Compl. Ex. 7. Thus, the Court concludes that Freddie Mac is entitled to a judgment on the pleadings on this count.

The next count pertains to a contention by the Gaines that Freddie Mac utilized methods which brought about an unconstitutional deprivation of their property interests without any due process of law. The complaint contains an assertion that Freddie Mac is a state actor that is subject to the Fifth Amendment of the United States Constitution. Freddie Mac, in addition to rejecting the Gaines' argument on this issue, contends that it is a private entity which is protected against their due process claims. Over three decades ago, the Sixth Circuit concluded that a plaintiff cannot maintain a constitutional claim in the absence of some identifiable state action. *See Northrop v. Federal National Mortgage Ass'n.*, 527 F.2d 23 (6th Cir. 1975) ("a predicate to finding a due

process violation is a finding of state action.")

Freddie Mac challenges the Gaines' position that its alleged wrongful conduct constitutes as state action. On this point, Freddie Mac urges the Court to explore *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995) which, arguably, supports the conclusion that Freddie Mac is not an arm of the federal government and, by an extension, the challenged activity does not constitute a state action. In *Lebron*, the Supreme Court opined, in part, that the lower courts should seek to determine if the Government "[has created] a corporation by special law, for the furtherance of government objectives, and retains for itself permanent authority to appoint a majority of the directors of that corporation,. . . ." *Id.* at 400. Thus, in order for a federally created entity to have constitutional protection, *Lebron* requires that the government maintain permanent control over the entity.

There is nothing in the record which even suggests that the Gaines have established that the federal government has maintained permanent control over Freddie Mac. Other recent district court opinions support this conclusion. *See Herron v. Fannie Mae*, 857 F.Supp.2d 87, 92 (D.D.C. 2012) (Fannie Mae is not federal actor because federal government did not retain permanent authority to appoint majority of Fannie Mae's directors); *Rubin v. Fannie Mae*, Case No. 12-cv-12832, 2012 WL 6000572, at *2-*3 (E.D. Mich. Nov. 30, 2012) (Hood. J.). (Fannie Mae is not federal government actor subject to constitutional challenge under *Lebron*). Believing that these above-cited cases have merit and represent the controlling law within the Sixth Circuit, the Court concludes that Freddie Mac is entitled to a judgment on the pleadings on this count.

The next count pertains to the Gaines' allegation that Freddie Mac violated its "contractual obligation to provide permanent modification to [them] pursuant to the federal Home [Affordable]

5

Modification Program and the Economic Stabilization Act of 2008." However, it is widely held that there is no private right of action under the Home Affordable Modification Program. *See Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010)*; Yunanova v. BAC Home Loan Servicing, LP*, No. 10-cv-14156, 2012 WL 441161, at *6 (E.D. Mich. Feb. 10, 2012). Accordingly, the Court concludes that this argument by the Gaines is without any merit. Hence, Freddie Mac is entitled to a judgment on the pleadings on this count.

The next count pertains to a claim by the Gaines that Freddie Mac adopted foreclosure procedures in violation of Mich. Comp. Laws § 600.3204. Here, they collectively complain that Freddie Mac "fail[ed] to engage in loss mitigation efforts including a reasonable modification pursuant to applicable law." Compl. ¶ 39. The complaint also contains an allegation by the Gaines that "[Freddie Mac] has no authority to foreclose by advertisement as a governmental agency, which constitutes a violation of the Fifth Amendment of the US Constitution." Compl. ¶ 41.

This argument is without any merit. As noted above, there is no private right of action under the Home Affordable Modification Program. Furthermore, the Gaines have not presented this Court with any case authority or citation that would establish Freddie Mac as a government actor for constitutional purposes. Therefore, Freddie Mac is entitled to a judgment on the pleadings with respect to this count.

Finally, the Gaines seek exemplary damages for the wrongs which they have attributed to Freddie Mac. However, it should be noted that exemplary damages "is not a cause of action; it is a type of remedy." *Garcia v. Thorne*, No. 1:11-cv-361, 2012 WL 1830206, at *10 (W.D. Mich. May 18, 2012) (dismissing cause of action for exemplary damages because "it literally does not state a cause of action.").

6

For the reasons that have been set forth above, Freddie Mac's motion for judgment on the pleadings is granted. (ECF 5).

IT IS SO ORDERED.

Date: February 4, 2013                                        s/Julian Abele Cook, Jr.
                                                             JULIAN ABELE COOK, JR.
                                                             U.S. District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 4, 2013.

                                                             s/ Kay Doaks
                                                             Case Manager